IRA L. YOUNG *vs.* THE GREAT NORTHERN RAILWAY CO.

Opinion filed May 15, 1899.

**Fires Set by Locomotive—Evidence.**

> This being a companion case to McTavish v. Railway Co., 8 N. D.
> 333, 79 N. W. Rep. 443, the damage having occurred at the same time
> and place, caused by the same fire, and the same questions of law being
> raised in this case, they are, for the reasons stated in that case,
> ruled in the same manner.

**Evidence of Fire Breaks.**

> It was not error in this case for the Court to permit plaintiff to
> prove that after the fire defendant caused fire breaks to be constructed
> on both sides of its track as the statute requires they shall be con-
> structed along the line of the right of way, for the purpose of showing
> what right of way had been in use by the defendant.

Appeal from District Court, Pierce County; *Morgan, J.*

Action by Ira L. Young against the Great Northern Railway
Company. Judgment for plaintiff. Defendant appeals.

Affirmed.

*W. E. Dodge* and *Charles S. Albert,* for appellant.

*Bosard & Bosard* and *N. A. Stewart,* for respondent.

BARTHOLOMEW, C. J. We find no material point in this case
that is not covered by the decision in *McTavish* v. *Railway Co.,*
8 N. D. 333, 79 N. W. Rep. 443. The cases are companion cases in
almost every particular. The same motion to dismiss the appeal
that was made in that case was also made in this case, and upon the
same grounds. The records as to the procedure are substantially
identical, and, for the reasons stated in the McTavish case, the
motion is denied.

The action was brought to recover damages for the destruction
of property by fire, which it is alleged was caused by the negligence
of the defendant. It was the same fire that caused the damage
in the McTavish case, and the damage occurred practically at the
same time and place. This plaintiff and McTavish were together.
The evidence in this case shows that McTavish was in the employ
of this plaintiff. The evidence as to the origin, course, and character
of the fire is practically the same in both cases. We set forth the
facts in detail in the McTavish case, and shall not repeat them here,
but will add that the evidence shows that the property destroyed
was in the tent, and in wagons standing near the tent, except the
horses, which were picketed out a short distance east of the tent.
The evidence in this case that the damage was caused by the main
fire, and that it swept over the furrows that were plowed as a fire
break, is even stronger than in the other case. In this case there
was no proof that other fires were set by the locomotive, and the
Court took from the jury the question of defects in the construc-

tion and equipment of the engine or negligence in its operation, leaving only the question of negligence in permitting combustible material to accumulate upon the right of way, and in permitting the fire to escape therefrom.   One point that was not treated in the McTavish case is pressed with earnestness in this case.   Our statute (section 10, c. 90, Laws 1895) made it the duty of defendant to plow a fire break at the outer edge of its right of way.   Now, it is urged as an indispensable element of the negligence that must exist before defendant would be liable that it must have been negligent in permitting the fire to escape from its right of way, and that there is nothing in the evidence to show that defendant did not have, at the point where this fire escaped, the fire break required by law, and hence could not have been negligent in permitting the fire to escape.   It is true that there is not in this case, as there was in the McTavish case, positive and direct evidence that there was no fire break, at the time of this fire, at the point where it left the right of way.   But the circumstantial evidence is so strong that the jury might reasonably have found that there was no fire break. None of the witnesses who saw the fire start speak of a fire break, but they do speak of the highway that ran on the east side of the track.   The section foreman, who was that day burning the grass from the right of way on the east side, was setting his fire along this road, and letting it burn back against the wind to the track. Had there been a fire break, it would have been his duty to have burned the grass between the fire break and the track.   Further, plaintiff undertook to prove, and, over defendant's objection, did prove, that after this fire occurred defendant caused fire breaks to be plowed on both sides of the track at that point, and at a distance of about 100 feet therefrom.   From these facts it very satisfactorily appears that there was no fire break there at the time.   But counsel contend that the Court erred in admitting the evidence of the subsequent construction of the fire break, under the decision of this Court in *Roehr* v. *Railway Co.*, 7 N. D. 95, 72 N. W. Rep. 1084. But that case was very different in its facts.   There the evidence showed that at some time prior to the fire which occasioned the damage the servants of the defendant had plowed some furrows at a distance of 146 feet from the railroad track, upon land which concededly belonged to another, and which was in the inclosed possession of such other party at the time of the fire, and the fire started within such inclosure.   We held, under the circumstances of that case, that plowing the furrows was no evidence of the width of the right of way, and furnished no proof that the fire started on the right of way.   In this case the road was built in 1887, and had been operated since that time.   The testimony tended to show that at that time the land was a portion of the public domain, and, if so, defendant might acquire a right of way 200 feet in width, under Act. Cong. March 3, 1875 (18 Stat. 482).   It must have been using a right of way of some width, either as a traspasser or otherwise.   The construction of fire breaks on either side of the track

at a distance of about 100 feet therefrom would indicate the use of the ground between the fire breaks for right of way purposes, and the fact that the distance of the furrows from the track might vary a few feet at different points, to accommodate the configurations of the ground, would not destroy its force in that respect. The fact that the fire break was constructed after the fire, lessons its probative force in this case, but does not entirely destroy it. Judgment affirmed. All concur.